KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Joseph Hills Tanzer, ) | No. CV 12-1085-PHX-JAT (MHB) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Janice K. Brewer, et al., ) | |
| Defendants. ) | |

Plaintiff Mark Joseph Hills Tanzer, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On May 29, 2012, Plaintiff filed an Amended Complaint (Doc. 5). The Court will dismiss the Amended Complaint and this action.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.25. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

1 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
2 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
3 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
4 be granted, or that seek monetary relief from a defendant who is immune from such relief.
5 28 U.S.C. § 1915A(b)(1), (2).

6 A pleading must contain a "short and plain statement of the claim *showing* that the
7 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
8 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
9 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
10 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements, do not suffice." Id.

12 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
13 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
14 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
15 that allows the court to draw the reasonable inference that the defendant is liable for the
16 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
17 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
18 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
19 allegations may be consistent with a constitutional claim, a court must assess whether there
20 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

21 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
22 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
23 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
24 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
25 94 (2007) (*per curiam*)).

26 **III.    Amended Complaint**

27 In his Amended Complaint, Plaintiff sues Arizona Governor Janice K. Brewer,
28 Arizona Department of Corrections Director Charles Ryan, Victoria Miller, the U.S. Military,

- 2 -

1  and "U.S.C. et al.."

2  Plaintiff claims that he was falsely accused of sexual assault and "profiled with
3  sattelite (sic) cable to 'neuro-virtual reality-digital, technologies directional and ap[p]lication'
4  broadcast WATs, WIFI telecommunications."

5  Plaintiff seeks "just compensation, to press charges against Victoria Miller, the U.S.
6  Military, and U.S.C. . . . [and] immunity all, with immediate release."

7  **IV.    Failure to State a Claim**

8  Plaintiff's claims in this matter are the same claims he raises in CV 11-1694-PHX-
9  JAT (MHB), which is currently pending before the Court.

10  An *in forma pauperis* complaint that merely repeats pending or previously litigated
11  claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915(e).
12  Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d
13  1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint repeating the same factual
14  allegations asserted in an earlier case, even if now filed against new defendant, is subject to
15  dismissal as duplicative and frivolous. See Bailey, 846 F.2d at 1021;  see also Van Meter v.
16  Morgan, 518 F.2d 366, 368 (8th Cir. 1975).  Accordingly, the Court will dismiss this action
17  as duplicative of CV 11-1694.

18  **IT IS ORDERED:**

19  (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

20  (2) As required by the accompanying Order to the appropriate government agency,
21  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.25.

22  (3) The Amended Complaint (Doc. 5) is **dismissed as frivolous** under 28 U.S.C.
23  § 1915(e)(2)(B)(I), and the Clerk of Court must enter judgment accordingly.

24  (4) The Clerk of Court must make an entry on the docket stating that the dismissal
25  may count as a "strike" under 28 U.S.C. § 1915(g).

26  . . .

27  . . .

28  . . .

- 3 -

(5)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 18th day of June, 2012.

*[signature]*
James A. Teilborg
United States District Judge